IN THE UNITED STATES DISRICT FOR
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2021 OCT 14  AM 10: 24

REGINA LEWIS

    Plaintiff,

v.

JAMES SKOUFIS, JOHNATHAN JACOBSON
CITY OF NEWBURGH POLICE

    Defendants,

COMPLAINT

On October 8, 2021, I arrived for an appointment at 1:30pm to the office of local representative Senator James Skoufis at 44 Grand Street Newburgh, NY 12550. I was threatened by staff of representative James Skoufis that if I did not leave the premises the cops would be called. I was informed by staff that because of the pending lawsuit *Lewis v. Jacobson 20Cv.7973* that neither the office nor the Senator would talk to me. The City of Newburgh Police were called I was advised that I had to leave.

Johnathan Jacobson told me that he could not help me and would not help me and spoke with the police. One, no lawsuit pending precludes me from public places or from accessing the grant services of the local branch of government. Two, I cannot be denied access to services or entry to a public place. The Americans with Disabilities Act (ADA) became law in 1990. The ADA is a civil rights law that prohibits discrimination against individuals with disabilities in all areas of public life, including jobs, schools, transportation, and all public and private places that are open to the general public. The purpose of the law is to make sure that people with disabilities have the same rights and opportunities as everyone else. Title II - Public Services: State and Local Government

- Prohibits discrimination on the basis of disability by "public entities" such as state and local government agencies.
- Requires public entities to make their programs, services and activities accessible to individuals with disabilities.

1

- Outlines requirements for self-evaluation and planning; making reasonable modifications to policies, practices, and procedures where necessary to avoid discrimination; identifying architectural barriers; and communicating effectively with people with hearing, vision and speech disabilities.
- Regulated and enforced by the U.S. Department of Justice.

I informed the staff and the police that not only was I not there to discuss the lawsuit but rather my 501C.3 organization the Newburgh Enrichment Center but the lawsuit was dismissed on June 21,2021 and the appellate court mandate was issued on June 21,2021 as well. It was a violation of my civil rights to deny me entry and to remove me from the public place based on my disability. I could not be removed from the public place or denied a reasonable accommodation. At around 2:10pm, I left the building because the police insisted. My removal from the public place was unlawful. A legal doctrine that protects legislators from being sued for all actions taken in the sphere of legitimate legislative activity. The purpose of legislative immunity is to ensure that the legislative function may be performed independently without fear of outside interference. Legislative immunity is granted to Congress by the Speech or Debate Clause in Article I of the Constitution and has been extended to state and local legislators through the federal common law. Additionally, 43 states have speech or debate clauses in their own constitutions. Legislative immunity also extends to officials outside the legislative branch participating in the legislative process. For example, a mayor presenting a budget to the city council. However, acts that are unrelated to a legislator's duties (e.g., defamatory statements made during a press conference) and acts that occur without lawful authority (e.g., unconstitutional procedures for enacting legislation or a subcommittee investigator illegally seizing documents without a subpoena) are not immune. Legislative immunity "confers a privilege on legislators from inquiry into their legislative acts or into the motivation for actual performance of legislative acts that are clearly part of the legislative process," as the Rhode Island Supreme Court put it in *Irons v. Rhode Island Ethics Commission*. Essentially, immunity protects legislators from being questioned about certain legislative actions by an entity outside the legislative branch. The attorney general clarified that "legislators have no

immunity from arrest for criminal activity, including the crime of driving while intoxicated." Discrimination is not a legislative act. The defendants Skoufis and Jacobson were not acting in a capacity as a government official performing discretionary functions. This conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known." The defendants' actions were in excess of the authority delegated to them by the Congress. *Wheeldin v. Wheeler, 373 U.S. 647, 83 S. Ct. 1441, 10 L.Ed.2d 605 (1963).* The defendant City of Newburgh Police know they have no jurisdiction to remove me from a public place. WHEREFORE, I file my claims for compensation under Bivens v. Six Unknown Named Agents 403 U.S. 388 for jurisdictional purposes in the sum of Five Hundred Eighty-Five Thousand Dollars. This amount is for discrimination, humiliation and bullying. This is also for the One Hundred Ninety-Five Thousand Dollars given to Community Voices Heard by the defendants' times three. Community Voices Heard are from another County and only have an office in Newburgh for show. They get funding in several cities but do nothing but promote an image.

Regina Lewis
21 Kenney Ct.
Newburgh, NY 12550

October 8, 2021

3



RECEIVED
SDNY PRO SE OFFICE
2021 OCT 14  AM 10: 16

ALBANY NY 120
9 OCT 2021 PM 1 L

Regina Lewis
21 Kenny Ct
Newburgh NY 12550

U.S. District Court
500 Pearl St.
New York NY 10007