UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                Plaintiff,

-against-

JAMES SKOUFIS; JOHNATHAN JACOBSON;
CITY OF NEWBURGH POLICE,

                Defendants.

7:21-CV-8487 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff Regina Lewis, who appears *pro se*, brings this action invoking the Americans with Disabilities Act of 1990 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and she seeks damages. She sues: (1) New York State Senator James Skoufis; (2) New York State Assemblyman Johnathan (or Jonathan) Jacobson; and (3) "City of Newburgh Police," which the Court understands to be the City of Newburgh Police Department ("NPD"). The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983, for violation of the right to petition and retaliation for protected speech.

    By order dated October 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses Plaintiff's claims against the NPD and directs the Clerk of Court to add the City of Newburgh as a defendant. The Court directs service on Skoufis, Jacobson, and the City of Newburgh.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.     NPD**

The Court must dismiss Plaintiff claims against the NPD because municipal agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of Newburgh, the Court construes the complaint as asserting claims against the City of Newburgh, and directs the Clerk of Court to amend the caption of this action to replace the NPD with the City of Newburgh. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of Newburgh may wish to assert.

**B.     Service on the defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult,* 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Skoufis, Jacobson, and the City of Newburgh until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve those defendants with the complaint until 90 days after the date that summonses are issued for those defendants. If the complaint is not served on Skoufis, Jacobson, and the City of Newburgh within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (summary order).

       To allow Plaintiff to effect service of the complaint on Skoufis, Jacobson, and the City of Newburgh through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is also instructed to issue summonses for those defendants, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint upon those defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against "City of Newburgh Police" and directs the Clerk of Court to add the City of Newburgh as a defendant. *See* Fed. R. Civ. P. 21.

The Court also directs the Clerk of Court to: (1) issue summonses for Skoufis, Jacobson, and the City of Newburgh, (2) complete USM-285 forms with the service addresses for those defendants, and (3) deliver all documents necessary to effect service of summonses and the complaint on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 18, 2021
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. State Senator James Skoufis
   District Office
   47 Grand Street
   Newburgh, New York 12550

2. State Assemblyman Jonathan Jacobson
   District Office
   47 Grand Street
   Newburgh, New York 12550

3. City of Newburgh
   Office of Corporation Counsel
   City Hall, Second Floor
   83 Broadway
   Newburgh, New York 12550