```
 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2
    ---------------------------------------x
 3  REGINA LEWIS,

 4                         Plaintiff,

 5                                           7:21-CV-8487 (CS)
       -vs-
 6                                           PRE-MOTION CONF.

 7  JAMES SKOUFIS, et al.,

 8                         Defendants.
    ---------------------------------------x
 9
                                      United States Courthouse
10                                    White Plains, New York

11                                    Wednesday, January 5, 2022
                                      12:15 p.m.
12

13  B e f o r e:

14                                    HONORABLE CATHY SEIBEL,
                                      District Judge
15

16  A P P E A R A N C E S:

17
    REGINA LEWIS, Pro Se Plaintiff
18

19  NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
         Attorneys for Defendant, James Skoufis
20       and Jonathan Jacobson
    BY:  ANTWAUN GAVINS
21       OWEN CONROY

22  HODGES, WALSH & BURKE
         Attorneys for Defendant, City of Newburgh Police
23  BY:  PAUL E. SWENSSON, ESQ.

24

25
```

1            THE DEPUTY CLERK:  Good morning, Judge.
2            Judge, this matter is Lewis v. Skoufis.  We have on
3    the line the Plaintiff, Ms. Regina Lewis, and we have on
4    representing Defendants Skoufis and Jacobson from the New York
5    State Office of the Attorney General Mr. Antwaun Gavins and Mr.
6    Owen Conroy, last name is C-O-N-R-O-Y, and we also have on
7    representing Defendant City of Newburgh, Mr. Paul Swensson.  Our
8    court reporter, Tabitha, is on and Ryan is on.
9            THE COURT:  All right, good afternoon, everyone.
10           Let me remind you all when you speak, please say your
11   last name first.  Please do not say "this is Antwaun Gavins for
12   Skoufis and Jacobson," just say "Gavins."  That way the court
13   reporter and I will both know right up front who's speaking.  If
14   you forget to say your last name first, you may get interrupted,
15   which, of course, we want to avoid if we can.
16           I received a letter on November 12th from Mr. Swensson
17   regarding the motion to dismiss that the City of Newburgh wishes
18   to make, and I directed Ms. Lewis to respond by December 7th,
19   which she did not do.  Then on December 27th, I got a letter
20   from Mr. Gavins regarding the motion to dismiss that the
21   individual Defendants wish to make, and I directed Ms. Lewis to
22   respond by January 3rd and reminded her of her obligation to
23   respond to the other letter, and that didn't happen, either.
24           Does that mean, Ms. Lewis, that you don't intend to
25   oppose the motions?

1           MS. LEWIS:  I don't see why I have to.  I'm the
2  Plaintiff, nobody's answered, and when I say answered, that
3  means that I need sworn affidavits from the Defendants, not
4  their counsel who's in bed with you, so I haven't received any
5  notice from you regarding anything and I don't even understand
6  what this conference is about because this conference is about
7  21-CV-8487, Lewis versus Skoufis, et al., when basically I don't
8  -- I don't even understand anymore because the case is dragging
9  out, there's no conference about the litigable issues, which is
10 your job to make sure that happens, there's no discovery,
11 there's no deposition, there's, there's nothing going on with
12 this case.  You and your buddies are just making all this money
13 and making a name for yourself and playing with me like I'm
14 nothing.
15          THE COURT:  Well --
16          MS. LEWIS:  So I'd like to know what you're talking
17 about because apparently you don't know.  You're, you're
18 combining cases, you know, you're confusing the hell out of me,
19 and I'm not a lawyer and you're supposed to be the ones with all
20 the brains and experience, but you just sabotaging my cases,
21 you're making these backroom deals, you're putting bullshit on
22 the social -- on the internet to make it look like I'm some kind
23 of a idiot who doesn't know what the hell is going on with life
24 at all.
25          I think I'm doing a better job than you people are,

1  but because of either your skin color or because you're
2  practicing under the Bar Association, which turns out to be a
3  joke, because the only thing I see these lawyers doing is -- the
4  only thing you have to know basically for the bar exam is not to
5  commingle client's money and the attorney/client privilege.
6            You know nothing about law, you seem to be prevailing
7  on your skin color or your Jewish descent or the fact that you
8  are calling yourself a lawyer, so I'd like to know which case
9  you're talking about because I know I don't understand anymore.
10 I'm really, I'm really baffled by this.  Because --
11           THE COURT:  The only thing --
12           MS. LEWIS:  -- I'm going -- which case are you talking
13 about?
14           THE COURT:  The only case I'm talking about is
15 21-CV-8487 where both sets of Defendants have sought to move to
16 dismiss, they both --
17           MS. LEWIS:  Okay, well, they can't move, they can't
18 move to dismiss anything because --
19           THE COURT:  Ms. Lewis, you can't interrupt me.  I
20 wasn't finished speaking.
21           In both instances, you were directed to file letters
22 in response --
23           MS. LEWIS:  I don't have to file a response.
24           THE COURT:  Well --
25           MS. LEWIS:  They haven't answered.  Why am I, why am I

1  responding for a lawyer when the Defendants haven't answered in
2  either case?  And, again, what case is --
3            THE COURT:  If you would, if you would --
4            MS. LEWIS:  Could you explain to me in this case who
5  are the defendants?  Because I think that I just sued Skoufis
6  and Jacobson in this situation.  Are you saying that the City of
7  Newburgh is included in this situation as well?
8            THE COURT:  First of all, you gotta stop screaming at
9  me.  Second of all, you gotta let me finish my thought.
10           You filed a complaint --
11           MS. LEWIS:  Yes.
12           THE COURT:  -- and in your complaint, there are -- it
13 says James Skoufis, Jonathan Jacobson, and the City of Newburgh
14 Police.
15           MS. LEWIS:  Okay.
16           THE COURT:  As you may recall, I ordered service and
17 substituted the City of Newburgh for the City of Newburgh Police
18 because you can't sue a department of a municipality, but you
19 can sue the municipality.
20           MS. LEWIS:  Okay.
21           THE COURT:  Number one.
22           Number two, I am only talking about this case, but you
23 raised the same issue that we discussed numerous times in
24 another of your cases, which was 20-CV-9793.  You seem to have
25 it in your head that Defendants are not allowed to move to

1  dismiss, and I am not going to beat my head against the wall on
2  this subject.  All I can tell you is if you look at Rule 12, it
3  says Defendants can move to dismiss and they can do it before
4  there's any discovery, and --
5              MS. LEWIS:  Okay, okay, that, that, that --
6              THE COURT:  Now, you're interrupting me again.  You're
7  interrupting me again.
8              They can do it before there's any discovery, they can
9  do it before there's any sworn affidavits, they are allowed to
10 do it, and I am going to allow them to do it.  I'm going to do
11 in this case what I do in every case, which is give the
12 Plaintiff the opportunity to amend the complaint if the
13 Plaintiff has facts that she can add that will make the motion
14 to dismiss more likely to fail, and then I'm going to let them
15 make their motion because they have an absolute right to do it.
16             MS. LEWIS:  Okay, well, what is your real job, then?
17 When are you going to construe it in a light most favorable to
18 me?  That's what you fail to do repeatedly.
19             First of all, in your first decision, you said that
20 they have to know that I'm disabled for me to file under the
21 ADA?  First of all, the entire lawsuit is under the 1983.  I'm
22 only raising claims based on my disability because the ADA says
23 either a record of disability or perceived disability.  They
24 don't have to know a damn thing about me.  I'm telling you like
25 I told you then that they have discriminated based on my

1  disability and I'm entitled to redress under 1983.  I have a
2  disability of record.  They know that I'm disabled because one
3  of the defendants in that case helped me get my disability and
4  one of the other defendants in the case has my record because
5  she billed me for services which is a mental health program.
6          You don't know anything about the case, you're not
7  allowing me to present it, you're a bullshit artist and I'm sick
8  of it.  And I filed a Rule 60(b) of a notice of appeal based on
9  your continuous abuse of the Court's discretion, but maybe you
10 just don't know anything about the law because you're
11 privileged, but I know the law and I know that the ADA doesn't
12 mean that you have to know that I'm disabled.  I have -- all it
13 requires is that I have a perceived disability or a disability
14 of record, so you're going to have to overturn it in my Rule
15 60(b).
16         And how the hell can I present evidence if there's no
17 discovery?
18         THE COURT:  I'm going to ask --
19         MS. LEWIS:  I have to prove to you, I have to prove to
20 you what the law requires that I prove with my evidence that
21 they did discriminate and they are not respecting me as a
22 minority, they're not adhering to the city charter, and in this
23 case, they had me removed from a public place and I am disabled.
24         THE COURT:  I'm going to ask Mr. Clark to mute Ms.
25 Lewis so that I can respond what she has to say without her

1  interrupting me.
2            MS. LEWIS:  Now, you're right --
3            THE COURT:  First of all, Ms. Lewis has been
4  screaming.  Second of all, I don't know what Ms. Lewis is
5  talking about; I have not made any rulings in this case.  Third
6  of all, I am giving her the opportunity to amend her complaint
7  so if, for example, she wishes to bring claims under the ADA and
8  if, for example, what she just said is true that one of the
9  Defendants was aware of her disability because that individual
10 helped her get disability benefits, that is a fact she can add
11 to her complaint.  It is not in there now, but she can add it
12 because I am letting her amend.
13           I am also putting on the record that when I -- that
14 shortly before Christmas, I dismissed Lewis v. Jacobson
15 21-CV-7973, and on Monday Ms. Lewis called my chambers screaming
16 and cursing and making anti-Semitic remarks regarding,
17 apparently, that dismissal.
18           She also called my chambers this morning and had she
19 only been inquiring about the time of the conference, that
20 wouldn't have been so bad, but she took the opportunity to raise
21 the other case and start making arguments about how we
22 misinterpreted the ADA and accusing -- making racially-charged
23 accusations and calling my law clerk, who actually had nothing
24 to do with any of this, but just happened to answer the phone, a
25 racist, so I am going to be making some rules which Ms. Lewis is

1  going to have to comply with if she wants to continue litigating
2  this case.
3         One, is she is not allowed to call chambers.  Any
4  communication with the Court has to be in writing and e-mailed
5  to the temporary pro se filing e-mail or dropped off at the
6  courthouse or snail mail.  That's number one.
7         Number two, as Ms. Lewis and I have a history, the
8  abusive conduct and the accusations have to stop or her case
9  will be dismissed, because neither I nor my staff should have to
10 deal with the kinds of abuse that Ms. Lewis is hurling as the
11 transcript of today's proceeding will reveal, so anything Ms.
12 Lewis has to say to me or regarding this case will be in
13 writing.  That way, I don't have to worry about someone on my
14 staff picking up the phone and getting cursed out or insulted.
15        Now, I was very patient in the last case.  I'm not
16 going to be nearly as patient this time, so if Ms. Lewis wants
17 to pursue this case, she's going to have to play by the rules
18 because I will have to dismiss if this sort of conduct
19 continues.
20        Now, as I said, I'm going to do in this case what I do
21 in every case, which is allow the Plaintiff to amend.  If
22 Plaintiff wishes to amend, I'm going to ask Mr. Clark to un-mute
23 Ms. Lewis, and my question to you, Ms. Lewis is, how long would
24 you like to file your amended complaint.
25        MS. LEWIS:  First of all, I'm not amending any

1  complaint.  If you're not intelligent enough to construe it in a
2  light most favorable to me based on the facts and the time and
3  date that I stated, then that's your problem.  You're just
4  self-serving.  Everything you said is self-serving.  I'm not
5  amending anything.  He's a public official, he threw me out of a
6  public place, I am disabled, and that means that he did
7  something that he's not allowed to do.
8           Now, I don't have --
9           THE COURT:  You have to --
10          MS. LEWIS:  What do I -- I don't understand, what do I
11 need to amend?  I was clear what I said the first time, there's
12 no reason for me to amend.  You're not giving any real
13 instructions as to what the deficiency is in my case.
14          THE COURT:  If it -- you've got the letters from the
15 Defendants.  One of the things -- I just gave you an example.
16 One of the things they say is that there's nothing in the
17 complaint that shows anybody knew you were disabled.
18          MS. LEWIS:  They don't have to know.  Excuse me,
19 that's not -- you're reading out of the ADA.  The ADA --
20          THE COURT:  I understand, I understand --
21          MS. LEWIS:  The ADA -- huh?
22          THE COURT:  The ADA says you either have to be
23 disabled or perceived as disabled.  There's nothing in the
24 complaint about either of those things.  If the --
25          MS. LEWIS:  Excuse me, excuse me.  They know that I'm

1  disabled because I, I said -- they don't have to know that I'm
2  disabled.  Now they do.  During this civil proceeding, they
3  will, they will find out that I'm disabled and that they threw
4  me out for no reason, and you can't throw a disabled person out
5  of a public place.  They know that.
6              THE COURT:  If you don't want to amend, you certainly
7  don't have to, but --
8              MS. LEWIS:  I'm not.
9              THE COURT:  -- I'm telling you, I'm telling you that
10 the motion in front of me --
11             MS. LEWIS:  I'm telling you that they don't have to
12 know that I'm disabled.
13             THE COURT:  Don't interrupt me or I'm going to have to
14 mute you again.
15             The motion they want to make --
16             MS. LEWIS:  Mm-hmm.
17             THE COURT:  -- is going to be addressed to the face of
18 the complaint --
19             MS. LEWIS:  Okay.
20             THE COURT:  -- and say under the rule, to raise this
21 claim, you have to allege A, B, and C, and if A, B, and C is not
22 in the complaint, they're gonna win, so what you --
23             MS. LEWIS:  Well, wait a minute, wait a minute.
24             THE COURT:  It doesn't count.
25             MS. LEWIS:  Wait, wait, wait a minute.

1              THE COURT:  I'm giving you --
2              MS. LEWIS:  So you're telling me that based on their
3    interpretation --
4              THE COURT:  You're interrupting me again.  If you
5    interrupt me again, I'm going to end the conference and whatever
6    information you could get from this conference you'll just have
7    to do without.
8              What I'm telling you is that all the facts on which
9    you're relying have to be in your complaint.
10             MS. LEWIS:  Mm-hmm.
11             THE COURT:  If you don't want to amend your complaint,
12   you don't have to, but then the facts -- if there are facts that
13   you want to rely on and they're not in there, they're not going
14   to count.
15             MS. LEWIS:  Okay.
16             THE COURT:  So here's what I'm going to do.
17             Even though you tell me you don't want to amend, I am
18   still going to let you think about that, so --
19             MS. LEWIS:  I'm going to send you a copy of my
20   disability award letter.  How about that?  That proves that I'm
21   disabled.  I don't have to prove that I had a relationship with
22   them and they know that I'm disabled.  They know that I'm
23   disabled.  That's irrelevant.  The ADA law says that a perceived
24   disability or a disability of record, that is what qualifies it
25   as ADA, but this complaint is not simply about ADA.  This ties

1  into the other complaint where they are discriminating, period,
2  and if I'm not allowed to present the phone conversations, the
3  e-mail where they tell me to go shove it, then how can I prove
4  my case if you're not going to allow me?  And under *Herman v.*
5  *Town of Cortland,* that I was very successful in getting that
6  back on the docket, you said it's premature.  Nobody has
7  answered.  I could see you allowing them to file a Rule 12B
8  motion, which I'm sure they can do, like you said, if it has
9  validity, but based on their poor interpretation of the law, you
10 can't dismiss my complaint.
11          I am disabled.  You even know that I'm disabled.  I
12 will send you a copy of my disability award letter and that, and
13 that, okay, is -- that survives right there from any dismissal.
14          THE COURT:  What you need to do is you need to -- if
15 you want to do that, attach it to your amended complaint.
16 Anything --
17          MS. LEWIS:  I'm not amending it, I'm not gonna sit
18 down and retype something the same way again.  I'm pro se,
19 remember?  You have to construe it in a light most favorable to
20 me, so in this complaint --
21          THE COURT:  I do, but I don't have to go and put
22 together facts that aren't in there, so --
23          MS. LEWIS:  Oh, you're not putting together facts.
24 This is -- I'm going to disclose --
25          THE COURT:  If you interrupt me one more time, I'm

1  hanging up, and then I'm just going to issue an order saying
2  what the dates are.
3           I'm giving you the opportunity to amend.  If you don't
4  want to, you don't have to.  I'm going to give you until...two
5  weeks from today, January 19th, just in case.  If you don't,
6  fine.  After that date, the Defendants will move to dismiss the
7  complaint as it stands.
8           MS. LEWIS:  Okay.
9           THE COURT:  Will thirty days be enough for Defendants?
10          MR. GAVINS:  Yes, your Honor.
11          THE COURT:  Who was that speaking?
12          MR. GAVINS:  Gavins, I'm sorry.
13          THE COURT:  Okay.
14          Mr. Swensson --
15          MR. SWENSSON:  Any date the Court sets.
16          THE COURT:  February 18th is 30 days.  Then Ms. Lewis
17 will have 30 days after that to oppose, which will be March
18 21st, and April 4th for reply.
19          MS. LEWIS:  Okay, I'm not amending it, I'm telling you
20 that now.  I'm going to e-mail over a copy and send a copy to
21 the Court of my disability that is on record and my disability
22 that has been perceived by the Court since 2004 when I filed my
23 first lawsuit, okay, and in my housing case where the Court
24 clearly recognized the litany of mental health institutions that
25 I've been subjected to based on my *Nissan* case which is where

1  all this incompetence stuff came from, but I'm going to send you
2  --
3           THE COURT:  What I would do, Ms. Lewis, even assuming
4  you are disabled, there's nothing in the complaint that suggests
5  that any of the Defendants did anything to you because you are
6  disabled.  Indeed, the complaint suggests that a staff -- and
7  I'm reading from it, staff of Representative James Skoufis said
8  that if you did not leave the premises, the cops would be called
9  because of the pending lawsuit, not because of disability, so I
10 want to --
11          MS. LEWIS:  Oh, I see what you're saying.
12          THE COURT:  Don't interrupt me.
13          If you want to bring a disability claim, you need to
14 amend and add facts making it plausible that something that
15 happened to you here was based on your either being disabled or
16 perceived as disabled.
17          MS. LEWIS:  Mm-hmm.
18          THE COURT:  If you want to bring a 1983 case, you can
19 do that.  The Defendant's position is that you're suing the
20 wrong people because it wasn't either of these individuals who
21 threw you out of the office.
22          MS. LEWIS:  I have, I have a video --
23          THE COURT:  Do it if you see fit.  If you don't,
24 that's your decision, but we now have a schedule.  If there's
25 going to be an amended complaint, you have until -- you have two

1  weeks till the 19th.  If you don't amend, that's your business,
2  they're going to move to dismiss February 18th, and you'll have
3  until March 21st for your opposition.
4         MS. LEWIS:  Okay, well, this is what I'm going to do.
5  I'm going to send you pictures and video of the Defendant
6  telling the cops to remove me, and I'm not going to amend it.
7  What I'm going to do is because this is a 1983 for
8  discrimination period, when Jacob -- when Skoufis and Jacobson
9  spoke to the cops and told them to remove me, that's
10 discrimination right there and I just happened to be disabled,
11 so I'm not going to amend any complaint, I'm not going to jump
12 through hoops only for you to, uh, uh...dismiss my case based on
13 the bad interpretation of these, of these lawyers.  I'm not
14 going to play your little game.
15        You can go ahead and do what you do in favor of Paul,
16 and what I'll do is I'll file a Rule 60(b) and I'll pack all my
17 evidence in that, with the videos and the pictures of the
18 Defendant telling the cops to get rid of me.  I have it on
19 social media already, so what I'll do is when you dismiss my
20 complaint whenever you feel like it and hurry up and put it on
21 social media, I'll put my evidence on social media and forward a
22 copy to you.  How about that?  My disability award letter and
23 the pictures of Jacobson talking to the cops and telling the
24 cops to remove me, I'll do that for you, so you play this game
25 with them because I'm not going to participate.  You're a bad

1  judge, you're a narcissist, you're no good, and I don't like you
2  and I don't like them.
3           And, bitch, you can dismiss this case all you want.
4  I'm going to do an appeal, I have the evidence, you're not
5  allowing me to present it out of Rule 16.  I'm not amending no
6  fucking complaint for you, bitch.  You can kiss me ass, I think
7  you're a lesbian, you're a rotten-ass Jew, you're from Germany,
8  your ancestors, and they're fucking impersonating the real
9  Hebrew, fuck you.  Okay?  I'm not kissing your ass.  I've tried
10 to be nice to you, but you're not a nice person.  You're all a
11 bunch of racists, you're self-serving.  Fuck you, bitch.  I'll
12 see you -- I'll file an appeal.
13          I don't, I don't expect you to do anything in favor of
14 me because you want to be a man because you look like a
15 mongoloid man anyway.
16          THE COURT:  All right --
17          MS. LEWIS:  And you're all in bed together, you all
18 want to be in this club, you can't get popular enough so you
19 want to fuck over the little people, but, bitch, I have your
20 decision in *Herman v. Town of Cortland.*  Fuck you.  Hurry up and
21 dismiss the case so I can do a notice of appeal.  I'm not
22 kissing no Jew, lesbian, white-bitch ass and no privileged-ass
23 honky who work for the rotten-ass Attorney General.  None of you
24 amount to a hill of beans.  I couldn't wait to get this off my
25 chest.

1            If all you can do is dismiss my case, bitch, and I
2   re-file it, then let's do it.
3            THE COURT:  All right --
4            MS. LEWIS:  Because I know I'm smarter than you, I
5   know I'm smarter than them, you're just poor white trash, you're
6   mad and you're taking it out on all black people.  You're all
7   fucking racists and everybody knows it.  You don't have any
8   status that's respectable, you're nothing to me, and as long as
9   you think you can make me jump through hoops and you sit back
10  and you snicker and you do all your -- fuck you, bitch.  I'm a
11  real woman just like you want to be, but you don't feel like a
12  woman because you look too much like a fucking man.  Fuck you.
13           Now, dismiss the case, bitch, like you promised to do
14  so I can fucking do an appeal 'cause I'm sick of you fucking
15  dragging out my shit, you're not allowing me to present
16  evidence, you're breaking all the rules, and you're a piss-poor
17  excuse of a human being, bitch.  I'm going to talk to you like
18  the scum that you are, bitch, so if you're going to get your
19  rocks off, lesbian, by throwing out my fucking case, go ahead
20  and do it now, bitch, because I'm going to do an appeal because
21  you're a scumbag and everything you said, bitch, was
22  self-serving.
23           And then you had the nerve to construe the fucking
24  complaint in a manner that they tell you to do it, bitch.  You
25  don't have any balls or any intelligence.  And you look

1  retarded.  Just like your fucking ugly-ass cousin that you had
2  on the internet.  Bitch.  Don't you wish you can talk to me like
3  this, bitch, and get away with it, bitch?  I'm not fucking
4  amending no complaint and I'm not sending you no facts.  Throw
5  it out, bitch, and I'll see you in the fucking appellate court,
6  bitch.
7           You're abusing the Court's discretion, you're abusing
8  me, I don't like it, and if this is the type of response you're
9  eliciting, well, you got it, at least I got this off my chest,
10 and I know you fucking dirty-ass, stinking-ass mongoloid Jew has
11 been sabotaging your own property for years so that you can get
12 freebies.  You're all welfare queens and kings.  You sabotage
13 your own monuments and bullshit and your own whatever you call
14 them, the hovels you meet in, and you had the news come out and
15 then everybody feels sorry for the fucking Jew and you call it a
16 hate crime and you get all this fucking free money, bitch.
17          I don't like that you mother-fuckers are taking over
18 my -- first of all, I'm indigenous, bitch.  Do you know what
19 that means?  Indigenous?  How the fuck are you people coming
20 from Germany under a Hebrew status and taking all the land and
21 property here from us, bitch?
22          THE COURT:  Walter, can you --
23          MS. LEWIS:  Fuck you.  I don't -- fuck you, bitch.
24 Hang up, bitch.
25          THE COURT:  -- can you put her on mute again.

1            MS. LEWIS:  And, listen, let me tell you something,
2   you man-looking mongoloid, dirty-ass bitch, you can throw out
3   the case, bitch.  If that's what you really want to do, then
4   hurry up and put it on social media and say how I talked to you.
5   Fuck you.  I'll talk to the President.  I'll talk to anybody
6   this way, bitch.  Haven't you heard, bitch?  The fucking
7   cracker-ass in Queens County who I cursed out and called him all
8   type of white trash, they want to hire me, bitch, they want to
9   hire me.
10           THE COURT:  Walter, can you please --
11           MS. LEWIS:  And guess what, bitch, what you haven't
12  heard because enough --
13           THE COURT:  All right, Mr. Clark has muted Ms. Lewis.
14  I'm glad she has gotten off her chest what she wants to get off
15  her chest and she feels better.  She's getting her wish.  This
16  case is dismissed because of her abusive behavior as just
17  recorded, an order will be entered to that effect, and she may
18  pursue whatever appellate rights she has.  This case is
19  concluded.
20           Thank you.
21           Certified to be a true and accurate transcript.

                         *Tabitha Dente*
                 _____
                 TABITHA DENTE, SR. COURT REPORTER